Samuel Louis Blatnick, Esq.
Lucosky Brookman LLP
111 Broadway, Suite 807
New York, NY 10006
sblatnick@lucbro.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PETER BORDES, JR.

Plaintiff

vs.

MARC DEVEAUX

Defendant.

Case No. _____

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, Peter Bordes, Jr. ("Mr. Bordes"), and for his complaint and jury demand against Marc Deveaux, alleges as follows. All allegations herein are made upon information and belief, unless otherwise specified. Plaintiff expressly reserves his rights to amend, supplement and/or withdraw the allegations made or counts asserted herein as necessary or otherwise appropriate.

## THE PARTIES

1.      Mr. Bordes is an individual who resides in Manhattan, New York, New York.

2.      Defendant, Marc Deveaux, is an individual who resides in New Jersey.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this Action pursuant to 28 U.S. Code § 1332, because the amount in controversy exceeds $75,000, and there is complete diversity between the Plaintiffs and the Defendants.

4.      Venue and personal jurisdiction are appropriate in this Court, because a substantial portion of the events at issue occurred within New York, and specifically within this judicial district.

5.      The Court also has general jurisdiction over Defendant, because he regularly visits, conducts business, and otherwise avails himself of the instruments of commerce within New York, and specifically within this judicial district.

## GENERAL ALLEGATIONS

6.      In 2018, Mr. Bordes and Defendant co-founded a company, Qandlestick LLC ("Qandlestick"). Mr. Bordes funded the company through his venture capital firm, Trajectory.

7.      From 2018 through early 2023, Defendant was the Chief Technology Officer of Qandlestick.

8.      In 2020, Qandlestick was sold to Fernhill Corp. ("Fernhill") Both Mr. Bordes and Defendant received Fernhill's publicly traded stock.   Defendant received stock worth hundreds of thousands of dollars.

9.      In early 2023, when Fernhill and its representatives learned that Defendant was: making false and disparaging statements concerning Fernhill; attempting to steal Qandlestick's primary customer; and had suggested the company engage in unlawful revenue manipulation, Mr. Deveaux was terminated.

10.      Despite having signed a release, wherein Defendant released both Qandlestick and all of its directors and officers (including Mr. Bordes), Defendant then responded by filing suit in the Southern District of New York under New Jerseys' wage payment statute.

11.      In Defendant's suit against Mr. Bordes, Defendant (the CIO of Qandlestick who set his own salary and caused himself to be paid) claims (in clear retaliation for his termination) that he is owed "commissions" from Qandlestick, and he seeks to hold Mr. Bordes personally responsible.

12.      Defendant's complaint against Mr. Bordes does not, in form or substance, allege "wage theft."

13.     Defendant's frivolous action is pending in this judicial district.[1]  Mr. Bordes plans to shortly move for summary judgment, and he is confident that he will prevail on such motion and also will recover his fees and costs given the frivolous nature of the suit.

14.     Meanwhile, Fernhill Corp. has sued Mr. Deveaux and his company, Marcus Lion, in Nevada state court for various malfeasance, including his successful actions to steal Qandlestick's primary customer (while he was an employee and fiduciary of Qandlestick).

15.     Unfortunately for Mr. Bordes, Defendant is not mentally stable, and he cannot control his basis impulses.

16.     Recently, and with the specific intent to irrevocably harm and destroy Mr. Bordes' professional reputation and standing, Defendant (who has serious issues with consumption) has begun publishing false and misleading statements concerning Mr. Bordes.

17.     Defendant's statements have been published on LinkedIn, a social media platform that is intended to allow professionals to connect and communicate.

18.     Among other things, Mr. Deveaux has posted the following false and misleading statements, each of which was specifically aimed at financially ruining Mr. Bordes:

      a.   "Peter Bordes' company reported to SEC for Accounting Fraud."

      b.   "Peter Bordes is currently being sued for wage theft."

      c.   "Peter Doo-Doo head, no shit about AI"

19.     The document attached hereto as Exhibit 1 is a true and accurate copy of the subject posts on LinkedIn.  It shows the date, time and forum in which such statements were made and published to Mr. Bordes' professional network and others.

---

[1] The deadline to amend claims in that action has lapsed. Mr. Bordes' claims had not arisen when that Action was filed or served.

20.     The aforementioned statements are all false. Defendant made each of them with spite and anger, actual malice, and to irreparably harm and injure Mr. Bordes.

21.     With respect to statement identified in Paragraph 18(b), Defendants' claim against Mr. Bordes does not allege wage theft.  Defendant claims Qandlestick owes him commissions form three years ago, and he seeks to invoke a statute that was enacted more than 100 years ago to protect dock workers from holding Mr. Bordes personally liable for the unpaid wages.

22.     A civil claim for wages that Defendant claims he is owed does not equate to "theft," and Defendant used the term "theft" for the specific purpose and intent of stating that Mr. Bordes engaged in a serious crime of moral turpitude.

23.     Claiming that Mr. Bordes' company has engaged in securities fraud is likewise a false statement of fact that Mr. Bordes has engaged in serious illegal conduct.

24.     Defendant made the aforementioned statements on LinkedIn, in response to a post made by Mr. Bordes.  As such, Defendant intended to Mr. Bordes' professional connections and network to see them, and he intended for Mr. Bordes to know that he had made such false, published statements of fact.

25.     Upon information and belief, in addition to the aforementioned posts, which Defendant made as comments to a LinkedIn post that Mr. Bordes made, Defendant has made and published similar false statements of unlawful conduct through other media.

### JURY DEMAND

26.     Mr. Bordes demands a trial by jury for any and all matters that may lawfully be submitted to a jury.

### COUNTS

### COUNT I
### Defamation Per Se

27.     Mr. Bordes realleges and incorporates by reference Paragraphs 1 through 26, as if set forth and repeated herein.

28.     Defendant has made false statements concerning Mr. Bordes that tend to, and have, exposed Mr. Bordes to public contempt, hatred, ridicule, aversion and/or disgrace.

29.     Defendant has published such false statements to third parties without any applicable privilege or authorization.

30.     Defendant's conduct has far exceeded negligence. His conduct has been intentional and aimed to harm and injure Plaintiff.

31.     Plaintiff has incurred special harm.

32.     Defendant's conduct constitutes defamation per se. The statements made by Defendant (on a social network of professionals) were intended to, and have, injured Mr. Bordes in his trade, business and profession.

33.     Defendant's false statements concerning Mr. Bordes include statements that Mr. Bordes has engaged in one or more serious crimes.

34.     Defendant's false statements concerning Mr. Bordes include statements that would tend to injure Mr. Bords in his trade, business and/or profession.

**COUNT II**
**Defamation**

35.     Mr. Bordes realleges and incorporates by reference Paragraphs 1 through 34, as if set forth and repeated herein.

36.     Defendant has made false statements of fact concerning Mr. Bordes.

37.     Those false statements are identified in Exhibit 1 hereto.

38.     The statements made by Defendant were made without privilege or authorization, and they were published to third parties on a professional networking site.

39.     Defendant's statements were made intentionally and with actual malice. At a minimum, Defendant was negligent in the making and publishing of such statements.

40.     Mr. Bordes has experienced special harm as a direct and proximate result of Defendants' defamatory statements.

### COUNT III
### Intentional Infliction of Emotional Distress

41.     Mr. Bordes realleges and incorporates by reference Paragraphs 1 through 40, as if set forth and repeated herein.

42.     Defendants' conduct has been unprovoked, extreme, and outrageous.

43.     Defendant's conduct goes beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44.     Defendant has acted towards Mr. Bordes with an intent to cause a substantial probability of causing severe emotional distress.

45.     To the extent Defendant has not acted with specific intent to cause a substantial probability of causing severe emotional distress, he has acted with a disregard of such consequences.

46.     The outrageous and unprovoked conduct of Defendants has caused injury to Mr. Bordes.

47.     The injury caused by Defendants' conduct to Mr. Bordes includes severe emotional distress.

### COUNT IV
### Permanent Injunction

48.     Mr. Bordes realleges and incorporates by reference Paragraphs 1 through 47, as if set forth and repeated herein.

49.    Defendant has made false and misleading statements concerning Mr. Bordes with the specific intent to cause damages to Mr. Bordes.

50.    Upon information and belief, Defendants intends to continue making false and misleading statements concerning Mr. Bordes with the specific intent of causing professional harm to Mr. Bordes.

51.    Mr. Bordes has no adequate remedy at law. If Defendant is allowed to continue publishing baseless and false statements, then (as he intends), Mr. Bordes' professional standing and reputation will be irreparably harmed.

52.    Absent an injunction barring Defendant from continuing to post false and misleading statements concerning Mr. Bordes on LinkedIn an otherwise, serious, and irreparable harm will result (as Defendant intends).

53.    The balance of equities is in Mr. Bordes' favor. While the parties and certain entities are embattled in litigation, Mr. Bordes has (and will continue) to allow such proceedings to continue, rather than using public statements to attempt to harm Defendant or his company, Marcus Lion.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Bordes requests and prays for judgement against Defendant for all damages and other relief available at law and/or equity, including the following:

a.    Any and all actual and compensatory damages available at law or in equity, in an amount exceeding $75,000;

b.    Permanent injunctive relief;

c.    Exemplary and punitive damages; and

d.    Attorneys' fees and costs and expenses incurred to pursue this Action and otherwise to pursue recovery of amounts owed.

Dated: New York, New York
       August 22, 2023

                                **LUCOSKY BROOKMAN LLP**

                         By:  /s/ Samuel L. Blatnick
                                Samuel L. Blatnick, Esq.
                                111 Broadway, Suite 807 New York, NY 10006
                                (732) 712-2708
                                sblatnick@lucbro.com