UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                  :

PETER BORDES, JR.,                               :

                          Plaintiff,                          :

                               -v-                              :              23 Civ. 7430 (JPC) (JW)

MARC DEVEAUX,                              :               ORDER ADOPTING
                                                                   :                 REPORT AND
                             Defendant.                     :            RECOMMENDATION
                                                                      :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Peter Bordes, Jr. brings this action asserting claims for defamation *per se* (Count I), defamation (Count II), and intentional infliction of emotional distress (Count III) against Defendant Marc Deveaux. Dkt. 4 ("Am. Compl."). Bordes alleges that, on August 20, 2023, Deveaux posted three defamatory comments regarding Bordes on the social media platform, LinkedIn. *Id.* ¶¶ 16-25.[1] On February 26, 2025, the Honorable Jennifer E. Willis, to whom this case has been referred for general supervision of pretrial proceedings and dispositive motions, issued a Report and Recommendation, recommending that the Court grant Deveaux's motion for summary judgment on each of Bordes's claims, Dkt. 37, and deny Bordes's cross-motion for partial summary judgment on his defamation *per se* claim, Dkt. 38. *See* Dkt. 44 ("R&R").

       A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C.

---

[1] The three allegedly defamatory comments read: (1) "Peter Bordes is currently being sued for Wage Theft." (the "Wage Theft Comment"); (2) "Peter Bordes' company reported to SEC for Accounting Fraud" (the "SEC Report Comment"); and (3) "Peter Doo-Doo head, know shit about AI." (the "AI Knowledge Comment"). Dkt. 39-1 ¶ 13 (Deveaux's response to Bordes's statement of undisputed material facts pursuant to Local Civil Rule 56.1); *see* Am. Compl. ¶ 18.

§ 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the Court reviews the Report and Recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  R&R at 28-29.  No objections have been filed and the time for making any objections has passed.  The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the Court has reviewed the Report and Recommendation *de novo*.  The Court adopts Judge Willis's recommendation that Deveaux's motion for summary judgment be granted and Bordes's cross-motion for partial summary judgment be denied.  In particular, the Court adopts Judge Willis's determinations that the defamation claims in Counts I and II should be dismissed because the Wage Theft Comment was substantially true given a pending lawsuit Deveaux had filed against Bordes, *see* R&R at 11-13, that the SEC Report Comment also was substantially true given a complaint Deveaux had filed with the Securities and Exchange Commission concerning a company for which Bordes serves on the board, *see id.* at 17-18, and that the AI Knowledge Comment was a non-actionable opinion, *see id.* at 20-25.   The Court also adopts Judge Willis's recommendation that Bordes's intentional infliction of emotional

distress claim should be dismissed because the conduct did not amount to "extreme and outrageous conduct." *See id.* at 14-16, 19-20, 25-26. In reaching this conclusion, the undersigned has considered the three at-issue statements both individually and collectively. Even taking these three statements collectively, Deveaux's actions do not amount to "extreme and outrageous conduct," *Brown v. Riverside Church in the City of N.Y.*, 216 N.Y.S.3d 144, 149-150 (1st Dep't 2024), for the reasons articulated in the Report and Recommendation. Bordes's intentional infliction of emotional distress claim therefore fails as a matter of law. Accordingly, Counts I, II, and III are dismissed.

Because the aforementioned grounds provide a sufficient basis for dismissal of Bordes's defamation *per se* claim in Count I, the undersigned does not reach whether the "serious crime" basis for slander *per se* applies to the Wage Theft Comment. *See* R&R at 13-14. Similarly, because the above-stated grounds provide a sufficient basis for dismissal of Bordes's intentional infliction of emotional distress claim, the undersigned also does not reach Judge Willis's alternative basis for dismissing that claim as duplicative of the defamation and defamation *per se* claims. *See id.* at 16, 20, 26-27.

Finally, in Count IV, Bordes's Amended Complaint sets out a separate cause of action for a "Permanent Injunction." Am. Compl. ¶¶ 48-53. While styled as a separate count, "[a] request for injunctive relief is not a separate cause of action. . . . [R]ather, the injunction is merely the remedy sought for the legal wrongs alleged in the . . . substantive counts." *Milligan v. GEICO Gen. Ins. Co.*, No. 20-3726-cv, 2022 WL 433289, at *6 (2d Cir. Feb. 14, 2022) (summary order) (alterations in *Milligan*). As "an injunction relies on a valid legal predicate," the Court's dismissal of Bordes's substantive claims necessarily means he is "not entitled to independent injunctive relief." *Roller v. Red Payments L.L.C.*, No. 19 Civ. 5285 (GRB), 2022 WL 4226094, at *8

(E.D.N.Y. Sept. 12, 2022); *see Animal Welfare Inst. v. Romero*, 718 F. Supp. 3d 252, 268 (E.D.N.Y. 2024) ("Plaintiffs cannot maintain claims for declaratory and injunctive relief where the underlying substantive claim has been dismissed."). Bordes's request for injunctive relief therefore is denied and, to the extent it is pleaded as a separate cause of action, Count IV is dismissed as well.

Accordingly, Deveaux's motion for summary judgment is granted in its entirety, and Bordes's cross-motion for partial summary judgment is denied. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to enter judgment in favor of Defendant Marc Deveaux and to close this case.

SO ORDERED.

Dated: March 14, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge